IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
FILE NO. 7:17-CV-00002-D

HENRY G. WINTERS and IRIS L. WINTERS, Trustees of the Henry G. Winters and Iris L. Winters Revocable Living Trust Dated January 13, 2005; SCOTT A. HILLMAN and wife, BETH ANN HILLMAN; ECHO FARMS RESIDENTS ASSOCIATION, INC; ELIZABETH C. VINAL; PHILIP CHRYST and wife, DEANNE CHRYST; and KENNETH J. WOLFE, JR. and wife, JILL S. WOLFE,

Plaintiffs,

vs.

ECHO FARMS, LLC,

Defendant.

**CONSENT JUDGMENT**

Pursuant to the Motion for Entry of Consent Judgment filed herein, the parties to this action have agreed to resolve the claims and counterclaims as set forth below. Therefore, with the consent of the parties, the Court hereby makes the following findings of fact, conclusions of law and orders and decrees as follows:

FINDINGS OF FACT

Procedural Status

1. Plaintiffs instituted the instant action by filing a Summons and Complaint in Superior Court in New Hanover County, North Carolina, File No. 16 CVS 4382 seeking the enforcement of certain Restrictions (defined below).

2. Defendant (or "Echo Farms") removed the action to this Court and filed a timely Answer denying the allegations of the Complaint and asserting a Counterclaim requesting that the Court declare the Restrictions (as defined below) invalid and unenforceable.

3. Plaintiffs filed a timely Reply to Defendant's Counterclaim.

4. Currently pending before the Court are Plaintiffs' Motion to Remand, Motion for Preliminary Injunction and Motion to Dismiss.

### The Property and the Restrictions at Issue

5. By deed dated April 9, 1973 and recorded on April 27, 1973 in Book 969, Page 285 of the New Hanover County Public Registry[1] (the "1973 Deed"), and subsequently corrected by deed recorded on June 17, 1974 in Book 1007, Page 278, Echo Farms Joint Venture (comprised of Echo Farm Development Corporation and Wilmington Homes, Inc.) conveyed two tracts of land consisting of a total of approximately 117.28 acres to Echo Farms Golf and Country Club, Inc. ("the Echo Farms Deed", the "Property").

6. At issue in this action are certain provisions in the 1973 Deed identified as "restrictions, covenants and conditions" which provide, in part:

> The Property shall be used for the purpose of operating and maintaining a golf course and other necessary and related facilities for the benefit of purchasers of lots from party of the first part [Echo Farms Joint Ventures], their guests and others provided that said purchasers become and remain members in good standing of said golf club and have met all membership requirements therefor.

7. The Echo Farms Deed also stated that the property conveyed was subject to "certain conditions and restrictions in an Agreement between Echo Farms Joint Venture and

---

[1] All subsequent references to book and page are to the New Hanover County, North Carolina Public Registry.

Echo Farms Golf and Country Club, Inc. dated April 9, 1973, a copy of which is attached as Exhibit A to the Echo Farms Deed ("the Agreement").

8. The provisions in the Agreement denominated as "restrictions, covenants and conditions" included a restatement of the provision set forth in paragraph 6 above.

9. Collectively, all provisions denominated as restrictions, covenants and/or conditions set forth in the Echo Farms Deed and the Agreement are hereafter referred to as "the Restrictions".

10. By virtue of the following mesne conveyances, Echo Farms acquired title to the Property: (1) by deeds dated November 1, 1984 and recorded on November 1, 1984 in Book 1270, Page 726 and in Book 1270, Page 732, EFG conveyed the Property to Suggs and Harrelson, Inc.; (2) by deeds dated April 5, 1985 and recorded on April 5, 1985 in Book 1283, Page 1660 and in Book 1283, Page 1666, Suggs and Harrelson, Inc. conveyed the Property to Echo Recreational Facilities, Inc.; (3) by deed dated October 31, 1988 and recorded on November 1, 1988 in Book 1435, Page 984, Echo Recreational Facilities, Inc. conveyed the Property (less and except certain portions of the property previously conveyed out) to New Echo Farms, Inc.; (4) by deed dated January 26, 1998 and recorded on February 6, 1998 in Book 2307, Page 467, New Echo Farms, Inc. conveyed the Property, as well as some additional adjacent property, to defendant Echo Farms, LLC (the "Echo Farms, LLC Deed", the property conveyed via the Echo Farms, LLC Deed, other than the Property, is hereafter referred to as the "Adjacent Property").

11. The Adjacent Property has never been subject to the Restrictions.

12. In 1974, Echo Farms Development, Inc. recorded four subdivisions plats that created 207 lots in the original Echo Farms subdivision – these plats were recorded Map Book 15, Page 34, Map Book 15, Page 35, Map Book 16, Page 12, and Map Book 16, Page 13 (the "Subdivision Plats"). There is no depiction of a golf course on the Subdivision Plats, nor is there written indication of the existence of a golf course or reference to the Restrictions (or any restrictions relating to a golf course). Each plat simply reflects: (1) a number of residential lots with streets and (2) Echo Farms Development Company and Echo Farms Golf and Country Club, Inc.'s ownership of land bordering the lots. The Subdivision Plats contain no labels or designations of intent to dedicate any property to golf use or as an amenity for lot owners.

13. At the time Echo Farms acquired the Property, a semi-private golf club was being operated on same (meaning the golf club had some individuals to whom the term "member" was applied, and who paid a monthly fee to play golf, but who had no exclusive right to use the course that was open to the general public to use for a fee) (the "Golf Club", the "Golf Course"). Echo Farms has continued to operate the Golf Club in this manner.

14. Plaintiffs (with the exception of the Association, which does not own any real property) own homes in the Echo Farms subdivision, near the Property. None of the Plaintiffs are purchasers of lots from the Joint Venture. None of the Plaintiffs' vesting deeds or prior deeds in their chains of title make reference to the Restrictions or the golf course.

15. The Property is zoned as a "Multi-family Medium Density Residential District" and, consistent with this zoning, Echo Farms intends to develop the Property for residential use.

16. A dispute arose between the Parties with respect to Echo Farms' plan to develop the Property and the enforceability, or lack thereof, of the Restrictions and as a result this action was commenced.

17. The Parties have reached an agreement to resolve the outstanding issues with respect to the above-captioned action, the claims and counterclaims.

WHEREBY, with the consent of the parties, it is hereby ORDERED, ADJUDGED, DECREED and DECLARED as follows:

1. The Restrictions constitute personal covenants, enforceable only between the original covenanting parties (Echo Farms Joint Venture and Echo Farms Golf and Country Club, Inc.), they do not run with the land and are not enforceable as to Echo Farms, LLC or its successors in title to the Property (or the Adjacent Property).

2. Further, Echo Farms' fee interest in the Property (and the Adjacent Property) constitutes marketable record title which is free and clear of the Restrictions. Pursuant to North Carolina General Statutes Chapter 47B (the "Marketable Title Act"), the Restrictions are null and void as to the Property and Echo Farms' interest in same.

3. Plaintiffs shall not contest or object to any future filings by Defendant to the City of Wilmington Subdivision Review Board, Wilmington Planning Commission or to any other approving agency(including but not limited to NCDOT, CFPUA) or make any further objections to Defendant's plans with respect to the proposed development for the Property (and Adjacent Property) known as or to be known as Woodlands at Echo Farms or make any objections based upon any alleged restrictive covenant, except to the extent that such submissions contradict or are inconsistent with the terms of this Consent Judgment. Defendant agrees that Woodlands at Echo Farms shall be developed in substantial accordance with Exhibit A attached hereto and incorporated by reference, subject to changes and/or revisions required by any agencies having jurisdiction over the review, permitting and/or approval of the plans. Consistent with the attached

Exhibit A, in the event that Tract 5 is developed, it shall be developed as single family residential or residential townhomes (in an amount not to exceed 50 residential units in total). Additionally, Area 5A as depicted on Exhibit A hereto may be developed only with single family homes. In the event that full access to Tract 5 is prohibited by the North Carolina Department of Transportation off of Carolina Beach Road and/or McCarly Boulevard, access may be constructed off of Appleton Way: (a) in the area marked as 5A, at an access point immediately across from Road Y as depicted on Exhibit A hereto, and/or (b) in the area marked as 5B, West of Foxhall Court, as depicted on Exhibit A hereto.

4. Except as set forth in the preceding paragraphs all claims asserted in the Complaint are dismissed with prejudice.

5. A copy of this Consent Judgment shall be recorded in the New Hanover County Public Registry and indexed under the names of all parties to this action.

SO ORDERED. This 14 day of September 2017.

JAMES C. DEVER III
Chief United States District Judge

CONSENTED TO:

/s/ F. Murphy Averitt, III
F. Murphy Averitt, III
Attorney for Plaintiffs
N.C. State Bar No. 26426
14 S. 5th Avenue
P.O. Drawer 2088
Wilmington, NC 28402-2088
Telephone: (910) 763-9891
Email: fma@mwglaw.com


/s/ Zipporah B. Edwards
Zipporah B. Edwards
Attorney for Defendant
N.C. State Bar No. 20838
2600 One Wells Fargo Center
301 South College St.
Charlotte, NC 28202
Telephone: (704) 377-2500
Email: zedwards@horacktalley.com

[Signatures of Parties to Follow]

_____
Henry G. Winters
Trustees of the Henry G. Winters and Iris L. Winters
Revocable Living Trust dated January 13, 2005

_____
Iris L. Winters
Trustees of the Henry G. Winters and Iris L. Winters
Revocable Living Trust dated January 13, 2005

_____
Scott A. Hillman

_____
Beth Ann Hillman

_____ 9-1-17
Elizabeth C. Vinal

_____
Philip Chryst

_____
Deanne Chryst

_____
Kenneth J. Wolfe, Jr.

_____
Jill S. Wolfe

ECHO FARMS RESIDENTS ASSOCIATION, INC.

By: Beth Ann Hillman
Title: EFRA PRES

8

ECHO FARMS, LLC

By: <u>JOSEPH S. TAYLOR</u>
Title: <u>MANAGER</u>

# EXHIBIT 'A'

TRACT 1:
TO BE DEVELOPED AS RESIDENTIAL IN DEFENDANT'S SOLE DISCRETION

TRACT 2:
TO BE DEVELOPED AS RESIDENTIAL SUBSTANTIALLY IN ACCORDANCE WITH EXHIBIT 'A'

TRACTS 3B1 & 3B2:
TO BE DEVELOPED AS RESIDENTIAL SUBSTANTIALLY IN ACCORDANCE WITH EXHIBIT 'A'

TRACT 3C:
TO BE DEVELOPED AS RESIDENTIAL SUBSTANTIALLY IN ACCORDANCE WITH EXHIBIT 'A'

TRACTS 3D, 3A1, 3A2:
TO BE DEVELOPED AS EITHER:
i) CITY/ COUNTY PARK POTENTIALLY INCLUDING SOCCER FIELDS; OR
ii) TOWNHOMES, MULTI-FAMILY RENTAL OR CLUSTERED RESIDENTIAL TOGETHER WITH SUPPORTING RESIDENTIAL AMENITIES, AT DEFENDANT'S SOLE DISCRETION

TRACT 5:
TO BE DEVELOPED AS UP TO 30 RESIDENTIAL (TOWNHOMES AND/OR SINGLE FAMILY UNITS (5A) TO BE SINGLE FAMILY ONLY)

NOTE:
THE DESIGNATIONS 3A1 & 3A2 WITHIN TRACT 3A, 3B1 & 3B2 WITHIN TRACT 3B; 5A & 5B WITHIN TRACT 5 ARE USED IN THIS EXHIBIT TO IDENTIFY CERTAIN DEVELOPMENT AREAS WITHIN THE RESPECTIVE LAND TRACTS

DEVELOPMENT PLAN

## THE WOODLANDS AT ECHO FARMS

WILMINGTON, NC

